UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| IN RE SUBPOENA FOR DOCUMENTS ISSUED TO PENINSULA PATHOLOGY ASSOCIATES | Case No. 4:22mc1 |

## <u>ORDER</u>

Pending before the Court are a Motion to Quash (ECF No. 1) filed by Peninsula Pathology Associates ("PPA"), Magistrate Judge Douglas E. Miller's Order granting the Motion to Quash (ECF No. 11) (the "Order"), and Objections to the Magistrate Judge's Order (ECF No. 17) (the "Objections") filed by American International Industries ("AII"). In addition, AII filed a memorandum in support of its Objections, PPA filed a response, and AII filed a reply. Mem. Supp., ECF No. 18; Resp., ECF No. 20; Reply, ECF No. 21.

AII objects to the Magistrate Judge's Order pursuant to Federal Rule of Civil Procedure 72(a), Local Civil Rule 72, and 28 U.S.C. § 636(b)(1). Mem. Supp. at 1, ECF No. 18. AII argues that the Order is "clearly erroneous and contrary to law" and should therefore be set aside and/or modified by this Court. *See id.* at 3–5; *see also* Fed. R. Civ. P. 72(a) (stating "clearly erroneous or . . . contrary to law" standard). For the reasons set forth below, however, the Court finds that the Order is neither clearly erroneous nor contrary to law. Therefore, the Objections (ECF No. 17) will be **OVER-RULED**, and the Order (ECF No. 11) will be **AFFIRMED**.

1

The parties are familiar with the relevant facts, and these are also set out in the Order, along with the law applicable to the Motion to Quash. *See* Order at 1–4, ECF No. 11; *see also* Tr., Dec. 16, 2022 Hr'g ("Tr."), ECF No. 10. The Court therefore pretermits a detailed factual background for purposes of resolving the Objections.

As noted, AII objects to the Order under Rule 72(a), which directs the Court to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Bate Land & Timber LLC*, 877 F.3d 188, 198 (4th Cir. 2017) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous "standard is a demanding one." *Id.*; *accord U.S. S.E.C. v. Pirate Investor LLC*, 580 F.3d 233, 243–44 (4th Cir. 2009) (describing necessary level of error as "egregious"). A ruling is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United Mktg. Sols., Inc. v. Fowler*, No. 1:09cv1392, 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011). In addition, a magistrate judge's rulings on discovery matters in particular are entitled to "great deference." *Malibu Media, LLC v. John Does 1–23*, 878 F. Supp. 2d 628, 629 (E.D. Va. 2012) (quoting *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010)).

Here, AII makes no argument that the Magistrate Judge's ruling was "contrary to law." Rather, it argues that two aspects of the Order were clearly erroneous: the conclusion that the subpoenaed materials were only "minimally relevant" to AII's

defense in the *Gref* litigation, Order at 5, ECF No. 11, and the conclusion that AII's subpoena imposed an "undue burden" on PPA, *id.* at 7. *See* Mem. Supp. at 11, 15, ECF No. 18.

The Court has reviewed the briefing on the Motion to Quash, the associated exhibits, the hearing transcript, and the Order, along with the briefing on the Objections and the associated exhibits, and has carefully considered the arguments made by AII in its Objections. Upon doing so, the Court is not left with a "definite and firm conviction that a mistake has been committed." *In re Bate Land & Timber LLC*, 877 F.3d at 198.

First, the Magistrate Judge's conclusion regarding the minimal relevance of the information sought by AII to the *Gref* litigation was based on a reasonable view of the evidence, including his views that neither PPA nor Dr. Emory are involved in the *Gref* litigation and that AII has significant alternative bases to satisfy its needs for impeachment material in that litigation. *See* Order at 5–6, ECF No. 11. The Court is satisfied on the entire evidence that no clear error occurred with regard to this determination.

Second, with regard to the undue burden placed on PPA, AII relies heavily on its narrowed offer at the hearing to request only the names of the participants in the Article and underlying study at issue in the subpoena. *See* Mem. Supp. at 15–17, ECF No. 18; Reply at 14–16, ECF No. 21. But even considering this narrowed request, the Court finds no clear error. The Magistrate Judge's conclusion with regard to undue burden was based on a reasonable view of the evidence, including his concern for the

medical ethical concerns implicated by the requested disclosure. *See* Order at 7, ECF No. 11; *see also* Resp. at 17–20, ECF No. 20. Moreover, the Magistrate Judge was ultimately required to *balance* the undue burden on PPA against the benefits of the requested discovery to AII. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). Therefore, the Magistrate Judge's finding that the benefit to AII was "minimal[]"—which, as noted above, is not clearly erroneous—mitigates the level of undue burden necessary to tip the balance in favor of PPA, particularly in the context of a third-party subpoena. *See id.* (balancing test is "even more demanding and sensitive" when subpoena recipient is a nonparty). In light of the entire evidence, both with respect to the undue-burden analysis and the overall balancing analysis, the Court has no conviction, let alone a "definite and firm conviction," that the Magistrate Judge committed any error.[1]

For the forgoing reasons, AII's Objections (ECF No. 17) are **OVERRULED**, and the Magistrate Judge's Order (ECF No. 11) is **AFFIRMED**. The Clerk is **REQUESTED** to provide a copy of this Order to all counsel of record and Magistrate Judge Douglas E. Miller.

**IT IS SO ORDERED.**

/s/
_____
Arenda L. Wright Allen
United States District Judge

August 14, 2023
Norfolk, Virginia

---

[1] AII also at some level appears to object to the Magistrate Judge's conclusion that as-yet-undetermined sanctions are warranted under Rule 45(d)(1). *See* Mem. Supp. at 5, ECF No. 18; Reply at 19, ECF No. 21; *see also* Order at 7–8, ECF No. 11. To the extent that AII raises such an objection to the conclusion that sanctions are warranted, the Court finds no clear error, and the objection is overruled.